Joseph A. Gavagast, J.
Defendants Botany Mills, Inc., and Sonnabend move for dismissal of the first and second causes of action, or, in the alternative,, for dismissal for unreasonable neglect to serve the defendant Einsohn- The same defendants move by separate motion for an. order directing that the named defendant Einsohn be added as a defendant to the first and second causes. By further and separate motion the defendants Gartman, Bose & Co. and Cohn move for dismissal of the third cause of action for insufficiency or for unreasonable neglect to serve the defendant Einsohn,
The action involves the sale of a going business in which seemingly the plaintiff and, the defendant Einsohn acted in bringing about the result. While plaintiff and Einsohn were joint brokers, as alleged, it is reasonably to infer that their joint interest involved a single and completed transaction. It may well be that the contractual relationship between them was such that a cause at law could be stated for interference with that relationship. Nevertheless* in the first cause plaintiff alleges not only upon a joint venture which ordinarily would require suit by both of them or in which both were parties as plaintiff or defendant. Be also, alleges, that he acted as broker and designated Einsohn as his agent, that he, performed his contract with Einsohn and that there was- a design and plan to defeat plaintiff of his commissions. The first cause is not concise and is not clear in, its meaning and import or in, the theo.ry relied on.
In the second cause of action, plaintiff omjts any reference to a joint venture, between himself and Einsohn. The. cause is thus based on plaintiff’s, claim that he submitted the proposition and that the matter, was. negotiated on; his behalf by Einsohn as- agent. But it is also- alleged that services were rendered by plaintiff to Einsohn at his request and with respect to Einsohn’s contractual obligation to the plaintiff, it is again alleged that the defendants caused the breach thereof. Again the cause and theory of recovery are not clear in, their meaning and import.
In the third cause, plaintiff reverts to reliance upon his arrangement with Einsohn as it is stated in the first cause. It is further alleged that the defendants to that cause knew of the contract made between the plaintiff and Einsohn pursuant to which the, plaintiff was to: receive one half of the earned commissions, and further- knew, that the plaintiff had aided and *888 assisted Einsohn in effecting the sale and of the reasonable value of the services thus rendered. However, the defendants received and collected to and for the benefit of the plaintiff the sum thus earned. In determining the questions raised by the motions of the defendants G-artman, Rose & Co. and Cohn, only the allegations of the complaint may be considered for matters elsewhere raised may not serve to change plaintiff’s cause and theory of recovery. Under the complaint allegations the defendants have no connection with the transaction and are alleged to have received what is plaintiff’s due and for his benefit with respect to a single transaction already completed and as to which Einsohn has been fully paid. A cause for money had and received for plaintiff and to defendants’ unjust enrichment is stated.
The motions of the defendants Botany Mills, Inc., and Sonnabend are granted dismissing the first and second causes for insufficiency and they are otherwise denied at this time. The motions of Gartman, Rose & Co. and Cohn are denied. Plaintiff may serve an amended complaint within 20 days from service of a copy of this order with notice of entry.